**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

FAS TECHNOLOGIES, LLC,

        Plaintiff,

v.

HIRATA CORPORATION, et al.,

        Defendants.

Civ. Action No. 3:06-cv-02217

**MOTION BY DEFENDANT HIRATA CORPORATION
TO DISMISS FOR LACK OF PERSONAL JURISDICTION
AND BRIEF IN SUPPORT**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii

I.     SUMMARY OF THE MOTION ................................................................................................. 1

II.    RELEVANT FACTS ................................................................................................................. 1

III.   ARGUMENT ............................................................................................................................ 4

       A.     Applicable Legal Standards ................................................................................. 4

       B.     FAS Has Not Established Personal Jurisdiction Over Hirata ............................. 5

              1.   FAS Has Not Established Specific Jurisdiction ......................................... 5

              2.   FAS Has Not Established General Jurisdiction ......................................... 8

CONCLUSION ................................................................................................................................ 10

# TABLE OF AUTHORITIES

**CASES** **PAGE**

*Action Tapes, Inc. v. Ebert*, No. 3:05-CV-1239, 2006 WL 305769 (N.D. Tex. Feb. 9, 2006) ..................................................................................................................5

*Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208 (5th Cir. 2000) ..................................9

*Autoflex Leasing, Inc. v. Team Motor Sports, Inc.*, No. 303CV2786-R, 2004 WL 1402517 (N.D. Tex. June 23, 2004) ........................................................................9

*Bearry v. Beech Aircraft Corp.*, 818 F.2d 370 (5th Cir. 1987) ....................................9, 10

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985) ..............................................4, 8

*Central Freight Lines Inc. v. APA Transp. Corp.*, 322 F.3d 376 (5th Cir. 2003) ..........10

*FAS Techs., Ltd. v. Dainippon Screen Mfg. Co.*, No. 3:98-CV-2842-G, 1999 U.S. Dist. LEXIS 19435 (N.D. Tex. Dec. 15, 1999), *modified on other grounds by* 2000 U.S. Dist. LEXIS 1671 (N.D. Tex. Feb. 16, 2000) ...................................1, 5, 6, 7

*Fielding v. Hubert Burda Media, Inc.*, No. 3:03-CV-0872, 2004 WL 532714 (N.D. Tex. Feb. 11, 2004), *aff'd*, 415 F.3d 419 (5th Cir. 2005) ....................................9

*Hanson v. Denckla*, 357 U.S. 235 (1958) ........................................................................4

*Hayes v. Bass Pro Outdoor World, LLC*, No. 02 C 9106, 2003 WL 187411 (N.D. Ill. Jan. 21, 2003) ........................................................................................................3

*Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984) .............4, 9-10

*Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773 (5th Cir. 1986) ......................................7

*Hydrokinetics, Inc. v. Alaska Mech., Inc.*, 700 F.2d 1026 (5th Cir. 1983) .......................7

*International Shoe Co. v. Washington*, 326 U.S. 310 (1945) ..........................................4

*Mink v. AAAA Dev. LLC*, 190 F.3d 333 (5th Cir. 1999) .................................................9

*Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865 (5th Cir. 2001) .................................................................................................................3, 4, 8

*Refraction Tech., Inc. v. Terra Tech. Corp.*, No. 3:00-CV-2469-R, 2001 WL 493156 (N.D. Tex. May 4, 2001) ..........................................................................10

*Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415 (5th Cir. 1993) .......................5

*Storm v. Thomas More Prep-Marian High, Inc.*, No. 4:01-CV-0329-A, 2001 WL
   881428 (N.D. Tex. July 30, 2001) ........................................................................................9

*Stuart v. Spademan*, 772 F.2d 1185 (5th Cir. 1985) ...............................................................4, 7, 8

*U-Anchor Advertising, Inc. v. Burt*, 553 S.W.2d 760 (Tex. 1977) ....................................................5


**Rules**

Fed. R. Civ. P. 12(b)(1)......................................................................................................................1

Fed. R. Civ. P. 12(b)(2).................................................................................................................1, 10

Fed. R. Civ. P. 12(b)(3)......................................................................................................................1


**State Statutes**

Tex. Civ. Prac. & Rem. Code Ann. § 17.041 ..................................................................................5

Defendant Hirata Corporation ("Hirata") respectfully moves to dismiss the First Amended Complaint ("Complaint" or "Compl.") of FAS Technologies, LLC ("FAS") for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2).[1]

## I. SUMMARY OF THE MOTION

As FAS alleges, Hirata is a Japanese corporation with its principal place of business in Tokyo. Compl. ¶ 2. Hirata is not licensed to conduct business in Texas and has no facilities, property, or operations in Texas. Its representatives visited Texas only briefly in the course of its dealings with FAS. Hirata therefore lacks sufficient minimum contacts with Texas to support personal jurisdiction. This case is no different from another recent case in which FAS sued another Japanese defendant with a similar lack of contacts with this forum. *FAS Techs., Ltd. v. Dainippon Screen Mfg. Co.*, No. 3:98-CV-2842-G, 1999 U.S. Dist. LEXIS 19435 (N.D. Tex. Dec. 15, 1999), *modified on other grounds by* 2000 U.S. Dist. LEXIS 1671 (N.D. Tex. Feb. 16, 2000). This Court dismissed that case for want of personal jurisdiction; it should likewise dismiss this case against Hirata.

## II. RELEVANT FACTS

After Hirata elected not to renew its business relationship with FAS, FAS brought this action alleging misappropriation of trade secrets, fraud, conversion, unjust enrichment, civil conspiracy, and tortious interference with contract. Compl. ¶¶ 62-88. FAS pleaded personal jurisdiction in the most conclusory terms:

---

[1] Contemporaneously with this motion, Hirata is filing a Motion to Compel Arbitration and Dismiss Complaint. While both motions call for dismissal of Plaintiff's claims, Hirata respectfully submits that the most efficient use of this Court's resources would be for the Court to consider Hirata's motion to compel arbitration first, for reasons described more fully in footnote 1 of that motion, before it considers the present 12(b)(2) motion. If this Court agrees that each of Plaintiff's claims must be submitted to arbitration in Japan according to the parties' prior written agreements, then dismissal pursuant to Fed. R. Civ. P. 12(b)(1) and/or 12(b)(3) would be appropriate, and the present Rule 12(b)(2) motion would be moot.

1

> 5. Personal jurisdiction exists generally over Hirata and TEL because each of them has sufficient minimum contracts with the forum as a result of business conducted within the State of Texas and the Northern District of Texas. Personal jurisdiction also exists specifically over Hirata and TEL because each of them entered into contractual relationships with FAS within the State of Texas and the Northern District of Texas. In addition, personal jurisdiction exists over Hirata and TEL because both committed intentional torts within the State of Texas and the Northern District of Texas.

Compl. ¶ 5.

The Complaint lacks any specific allegation that Hirata engaged in any alleged wrongful conduct in Texas. FAS alleges that Hirata committed only three acts in Texas:

> ". . . Hirata sent representatives to FAS's Dallas facility in order to discuss a potential relationship with FAS." Compl. ¶ 23.

> Hirata's representatives who entered the Dallas facility "executed Sign-In Sheets pursuant to which each Hirata representative agreed to hold all FAS Trade Secrets in strict confidence and not to use the FAS Trade Secrets for their own benefit or for the benefit of third parties except as permitted under other definitive agreements." Compl. ¶ 24

> " . . . Hirata's representatives were allowed to tour FAS's Dallas facility where they viewed FAS's manufacturing area for Coating Systems and various related components and equipment." Compl. ¶ 25.

The Complaint alleges no other acts in Texas by Hirata or contacts by Hirata with Texas.

Every alleged act pleaded in support of the counts in the Complaint occurred in Japan. FAS alleges that:

> Hirata, *in Japan*, sent FAS a letter in which Hirata refused to renew a contract (the "MOU") in January 2005. Compl. ¶ 50.

> Hirata, *in Japan*, sent FAS a letter in which Hirata refused to pay FAS further royalties after November 2005 when a FAS patent expired. Compl. ¶ 53.

> Hirata manufactured and sold, *in Japan*, more than 110 "Coating Systems." Compl. ¶ 54.

> Hirata, *in Japan*, "refused to invest in FAS, to form joint venture companies or to work with FAS to jointly seek patent protection for the New IP . . . [and] converted the FAS

2

Trade Secrets for its own use and kept all of the New IP for itself and its own benefit." Compl. ¶ 55 (alleged on information and belief).[2]

Defendant TEL and Hirata, *both in Japan*, "entered into several agreements pursuant to which Hirata manufactures Coating Systems for TEL" and "TEL actively encouraged Hirata to disclose the FAS Trade Secrets to TEL." Compl. ¶ 58.

"TEL has encouraged Hirata to continue manufacturing and selling Coating Systems to TEL." Compl. ¶ 61 (again, alleged on information and belief).

As shown in the accompanying declaration of Koichi Oyama ("Oyama Decl.") (attached as Exh. A) (App.1-5), Hirata is not licensed or qualified to do business in Texas (¶ 4) (App.3); has no employees in Texas (*id.* ¶ 5); has no offices, telephone numbers, or facilities in Texas (*id.* ¶ 6); has no bank accounts in Texas (*id.* ¶ 7); pays no taxes in Texas (*id.* ¶ 8); does not own or use any personal or real property in Texas (*id.* ¶ 9); does not manufacture anything in Texas (*id.* ¶ 10); does not send salesmen into Texas to solicit orders for goods (*id.* ¶ 11); does not advertise in Texas (*id.* ¶ 12); does not attend trade shows in Texas (*id.* ¶ 13); and has not anticipated or foreseen being brought into court in Texas (*id.* ¶ 14).[3] The agreements at the root of FAS's claim provide that they shall be governed by and interpreted in accordance with Japanese law and that any claims brought by FAS against Hirata must be arbitrated in Tokyo.[4]

---

[2] The Fifth Circuit has held that jurisdictional allegations made purely on information and belief need not be credited. *See Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001) ("Appellants' sole evidence [of jurisdiction] is their state court petition, which alleges 'on information and belief' that Appellee knew Appellants are Texas residents and knew its actions would intentionally cause harm to Appellants in Texas. Appellants present no other evidence of Appellee's contacts with Texas relating to Appellants' claims, and thus the district court properly concluded that the allegations are merely conclusory."); *see also Hayes v. Bass Pro Outdoor World, LLC*, No. 02 C 9106, 2003 WL 187411, at *2 (N.D. Ill. Jan. 21, 2003) ("Allegations of citizenship that are made 'upon information and belief' are insufficient under Federal Rule of Civil Procedure 11.").

[3] Hirata has made only one sale of goods or services of any kind in Texas (in January of 2005), and that sale had nothing to do with Plaintiff FAS, or spinless coating technology, or any other aspect of the present lawsuit (Oyama Decl. ¶ 15) (App.4).

[4] *See, e.g.*, Non-Disclosure Agreement, dated Apr. 1, 2001, ¶ 8 (attached as Exh. B) (App.6, 10); Business Venture Agreement, dated June 30, 2001, ¶ 16 (attached as Exh. C)

3

### III. ARGUMENT

**A. Applicable Legal Standards**

"When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident." *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). A plaintiff must, at a minimum, allege facts sufficient to establish a *prima facie* case for personal jurisdiction. The court "accept[s] the plaintiff's uncontroverted . . . factual allegations as true," but "the prima-facie-case requirement does not require the court to credit conclusory allegations, even if uncontroverted." *Panda Brandywine*, 253 F.3d at 868-69.

There are two types of personal jurisdiction, general and specific. General jurisdiction describes the exercise of personal jurisdiction "over a defendant in a suit not arising out of or related to the defendant's contacts with the forum." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.9 (1984). Specific personal jurisdiction exists where the suit relates to or arises out of the defendant's contacts with the forum state. *E.g.*, *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 & n.15 (1985). Constitutional due process requires, for both types of personal jurisdiction, a showing that the defendant established a minimum threshold of contact with the forum state and "purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958), *cited in Burger King*, 471 U.S. at 474; *see also International Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945).[5]

---

(App.17, 28); Additional Non-Disclosure Agreement, dated Oct. 30, 2001, ¶¶ 7-8 (attached as Exh. D) (App.30, 33); Definitive Business Venture Agreement, dated Oct. 30, 2001, ¶ 15 (attached as Exh. E) (App.35, 46).

[5] A federal court sitting in diversity may exercise personal jurisdiction only if the long-arm statute of the state in which it sits confers such jurisdiction and the exercise comports with

4

## B.     FAS Has Not Established Personal Jurisdiction Over Hirata

FAS has failed to carry its burden of making out a *prima facie* case of personal jurisdiction because it has not pleaded facts that could support such jurisdiction, either general or specific.

### 1.     FAS Has Not Established Specific Jurisdiction

Specific jurisdiction exists only if the cause of action is related to, or arises out of, Hirata's contacts with Texas and those contacts are sufficient to satisfy due-process requirements. *E.g.*, *Action Tapes, Inc. v. Ebert*, No. 3:05-CV-1239, 2006 WL 305769, at *3 (N.D. Tex. Feb. 9, 2006). In this case, none of FAS's claims arise out of or relate to Hirata's few and paltry contacts with Texas, nor are those contacts substantial. Essentially all of Hirata's relevant conduct occurred in Japan.

The facts of this case are remarkably similar to those confronted by this Court in *Dainippon Screen*, 1999 U.S. Dist. LEXIS 19435. In that case, as in this one, FAS had a collaborative relationship with a Japanese company, Dainippon Screen Manufacturing Co., Ltd., to develop technology. In the course of that relationship, FAS and Dainippon executed a non-disclosure agreement ("NDA") precluding them from using or revealing confidential information and trade secrets. FAS conceived of the NDA as "the commitment of both parties to an ongoing relationship." *Id.* at *4 (internal quotation marks omitted). The NDA was executed during a visit to FAS's Dallas headquarters by a Dainippon representative. Dainippon eventually decided not to pursue its collaborative relationship with FAS. FAS, suspecting that Dainippon had subse-

---

due process. *E.g.*, *Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 418 (5th Cir. 1993). We focus here on the due-process limitations because the Texas long-arm statute, Tex. Civ. Prac. & Rem. Code Ann. § 17.041 *et seq.*, confers jurisdiction to the maximum extent consistent with the Constitution. *See, e.g.*, *U-Anchor Advertising, Inc. v. Burt*, 553 S.W.2d 760, 762 (Tex. 1977).

quently used its technology in violation of the NDA, sued in this Court for patent infringement, breach of contract, misappropriation of trade secrets, tortious interference, and unfair competition. *Id.* at *4-*5.

FAS contended that this course of dealing supported personal jurisdiction over Dainippon in Texas. This Court described FAS's arguments as follows:

> FAS argues that because this suit arises from and relates to Dainippon's breach of its contract with FAS, specific jurisdiction is applicable. FAS further argues that Dainippon is subject to personal jurisdiction in Texas because Dainippon and FAS, among other things, (1) negotiated a joint development program to integrate FAS equipment with Dainippon's coater system track, (2) corresponded with one another regarding this joint development program, (3) corresponded regarding certain glass substrate samples that Dainippon had sent to FAS for testing and coating, and (4) entered into and signed the NDA. A Dainippon representative also made a trip to FAS's offices in Dallas, Texas to sign the NDA, view the FAS facilities, and gather information about FAS and its technology. FAS also contends that "the genesis of FAS' patent infringement claim took place in Texas where Dainippon violated the NDA and misappropriated FAS trade secrets."

*Id.* at *13 (citations omitted).

This Court rejected FAS's argument, because Dainippon's Texas contacts were too attenuated and of the type that the Fifth Circuit had repeatedly held did not give rise to personal jurisdiction:

> FAS must show by the terms of the contract or the course of performance that Dainippon made itself amenable to suit in Texas. FAS has not made that showing here. Dainippon's activities are exactly the type that have in the past been found to be insufficient to support this court's exercise of personal jurisdiction. The Fifth Circuit has held that negotiating, executing, and even partially performing an isolated contract with a resident of the forum will not, without more, constitute the minimum contacts necessary to confer jurisdiction. Nor is the shipment of articles to the forum state sufficient to justify an exercise of *in personam* jurisdiction over the nonresident shipper. Dainippon's negotiations with FAS, its single visit to FAS's plant, and its signing of the NDA are not sufficient — without more — to allow this court to exercise personal jurisdiction over Dainippon.

*Id.* at *14-*16 (citations omitted).

6

FAS's allegations concerning Hirata's Texas contacts are in all material respects identical to the allegations it made in *Dainippon Screen*, and they are equally inadequate to establish specific jurisdiction. Just as in *Dainippon Screen*, FAS here alleges no acts in Texas other than a visit from Hirata representatives, during which they purportedly signed their names on lobby sign-in sheets and toured FAS's Dallas facility. Compl. ¶¶ 24-25. Similar to its allegations in *Dainippon Screen*, FAS also alleges that it entered into an NDA (and a supplemental NDA) with Hirata, Compl. ¶¶ 26, 38; that Hirata and FAS had additional negotiations and discussions regarding their relationship, Compl. ¶¶ 28, 30-32; that they executed agreements embodying their ongoing relationship, Compl. ¶¶ 33, 39, 43; that FAS sold certain technology to Hirata, Compl. ¶¶ 40-42; and that, ultimately, Hirata decided not to renew the relationship, Compl. ¶ 50. None of these acts is alleged to have occurred in Texas, and there is no allegation that Hirata did or was obligated to do anything in Texas.

This Court's holding in *Dainippon Screen* follows settled Fifth-Circuit precedent. The Fifth Circuit has found contacts far more substantial than Dainippon Screen's (and Hirata's) to be insufficient. In *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 777-78 (5th Cir. 1986), for example, the Fifth Circuit rejected specific jurisdiction where defendant contracted, paid, and extensively communicated with plaintiff in Texas, because "merely contracting with a resident of the forum state is insufficient to subject the nonresident to the forum's jurisdiction" and performance was to occur outside of Texas. In *Stuart*, 772 F.2d at 1193, the court held that entering into a contract with a resident, mailing payments to the forum state, and communicating regarding the execution and performance of a contract do not establish personal jurisdiction. *See also Hydrokinetics, Inc. v. Alaska Mech., Inc.*, 700 F.2d 1026, 1028-29 (5th Cir. 1983) (no personal jurisdiction over Alaskan defendant who had agreed to purchase specific goods to be manufactured and

7

paid for in Texas, exchanged extensive communications with Texas plaintiff, and traveled to Texas to close the deal, even though the contract was formally created with Texas as the place of acceptance).

An examination of the Complaint confirms the absence of any substantial connection between Texas and the conduct of which FAS accuses Hirata. As noted above, not a single act relating to theft of trade secrets is alleged to have occurred in Texas.[6] To the extent that FAS's misappropriation claims are (charitably) interpreted to be analogous to breach of contract, the complaint still fails to provide a basis for specific jurisdiction. That a nonresident has entered into a contract with a resident of the forum State is not a sufficient contact to establish personal jurisdiction. *See Burger King*, 471 U.S. at 478; *Stuart*, 772 F.2d at 1193.

FAS's claims for fraud (Compl. ¶¶ 70-75), conversion (Compl. ¶¶ 76-78), unjust enrichment (Compl. ¶¶ 79-80), and civil conspiracy (Compl. ¶¶ 81-83) likewise pivot on acts that occurred in Japan, not in Texas. The civil-conspiracy count lacks any connection to Texas whatsoever, for it alleges a conspiracy between two Japanese corporations having their principal places of business in Tokyo. *See* Compl. ¶¶ 2-3.

### 2. FAS Has Not Established General Jurisdiction

"To make a *prima facie* showing of general jurisdiction, [a plaintiff] must produce evidence that affirmatively shows that [the defendant's] contacts with Texas that are unrelated to the litigation are sufficient to satisfy due process requirements. Those unrelated contacts must be

---

[6] Even had FAS alleged that the effects of the supposed tortious acts were felt in Texas (which it did not), that allegation would not suffice to confer specific jurisdiction. Merely harming a Texas resident in Texas does not confer specific jurisdiction. *Panda*, 253 F.3d at 870 ("If we were to accept Appellants' arguments, a nonresident defendant would be subject to jurisdiction in Texas for an intentional tort simply because the plaintiff's complaint alleged injury in Texas to Texas residents regardless of the defendant's contacts, and would have to appear in Texas to defend the suit no matter how groundless or frivolous the suit may be.") (internal quotation marks omitted).

substantial, continuous, and systematic . . . ." *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 217 (5th Cir. 2000) (citations omitted); *see also Mink v. AAAA Dev. LLC*, 190 F.3d 333, 336 (5th Cir. 1999); *Bearry v. Beech Aircraft Corp.*, 818 F.2d 370, 376 (5th Cir. 1987) (holding no general jurisdiction over a foreign company despite the company's large volume of sales through distributors in forum, including a wholly owned subsidiary).[7]

FAS has made no allegations that Hirata had the substantial, continuous, and systematic contacts with Texas that are required for general jurisdiction. Thus, even assuming all the facts alleged in the Complaint to be true, Hirata's lack of continuous contacts with Texas forecloses general jurisdiction in this case. In this respect, the present case is similar to *Fielding v. Hubert Burda Media, Inc.*, No. 3:03-CV-0872, 2004 WL 532714 (N.D. Tex. Feb. 11, 2004), *aff'd*, 415 F.3d 419 (5th Cir. 2005), in which this Court found general jurisdiction lacking because the defendant "is not licensed or qualified to do business in Texas, has no employees in Texas, has no offices or facilities in Texas, has no bank accounts in Texas, pays no taxes in Texas, does not own or use any personal or real property in Texas, or manufacture or sell any goods in Texas." *Id.* at *7. Each of those statements is equally true of Hirata, except that Hirata made one sale (not related to the technology at issue in the present lawsuit) to a Texas customer more than two years ago. *See supra* note 3. As discussed below, a single isolated sale falls far short of the contacts needed to make Hirata subject to general jurisdiction in Texas.

The Supreme Court and the Fifth Circuit have refused to find general personal jurisdiction over a foreign corporation in cases involving far more substantial contacts with Texas than Hirata has (or is alleged to have) here. For example, in *Helicopteros Nacionales*, 466 U.S. at

---

[7] This Court has applied that rule in numerous cases. *E.g.*, *Autoflex Leasing, Inc. v. Team Motor Sports, Inc.*, No. 303CV2786-R, 2004 WL 1402517, at *4 (N.D. Tex. June 23, 2004); *Storm v. Thomas More Prep-Marian High, Inc.*, No. 4:01-CV-0329-A, 2001 WL 881428, at *5 (N.D. Tex. July 30, 2001).

9

414-16 & n.8, the Supreme Court refused to uphold general jurisdiction over a foreign corporation even though that corporation negotiated a contract in, purchased equipment from, and had its employees trained in Texas.  In *Central Freight Lines Inc. v. APA Transp. Corp.*, 322 F.3d 376, 381 (5th Cir. 2003), the Fifth Circuit found no general jurisdiction over an out-of-state defendant that regularly sent sales representatives to Texas to "develop business, negotiate contracts, and service national accounts."  *See also Bearry*, 818 F.2d at 376; *Refraction Tech., Inc. v. Terra Tech. Corp.*, No. 3:00-CV-2469-R, 2001 WL 493156, at *3 (N.D. Tex. May 4, 2001).

Because FAS has not alleged, and cannot demonstrate, that Hirata has had any substantial, continuous, and systematic contacts with Texas, it has failed to establish general jurisdiction.

## CONCLUSION

For the foregoing reasons, this Court should dismiss the Complaint under Federal Rules Civil Procedure 12(b)(2) for lack of personal jurisdiction.

March 30, 2007                                        Respectfully submitted,

                                                                */s/ David R. McAtee II*
                                                                David R. McAtee II
                                                                State Bar No. 00791213
                                                                Elisabeth Rain
                                                                State Bar No. 24051222
                                                                HAYNES AND BOONE, LLP
                                                                901 Main Street, Suit 3100
                                                                Dallas, Texas 75202-3789
                                                                Telephone:  (214) 651-5000
                                                                Telecopy:  (214) 651-5940

                                                                ATTORNEYS FOR DEFENDANT
                                                                HIRATA CORPORATION

**CERTIFICATE OF SERVICE**

       I hereby certify that on March 30, 2007, I electronically filed the foregoing documents with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

Jeff J. Horn, Jr.
OHASHI & HORN
Republic Center
325 N St Paul St., Suite 4400
Dallas, TX 75201

Alfonso Garcia Chan
Cody Aaron Kachel
Jeffrey R. Bragalone
Joseph F. DePumpo
Michael W. Shore
SHORE CHAN BRAGALONE
325 North St Paul St.
44th Floor
Dallas, TX 75201

Daniel T. Conrad
JONES DAY
PO Box 660623
2727 N. Harwood St
Dallas, TX 75266-0623

                                            /s/ *M. Elisabeth Rain*